UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY BENJAMIN ELLIS, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10 C 7238 |
| CITY OF CALUMET CITY; <br> CALUMET CITY POLICE OFFICER PICICCO; <br> CALUMET CITY POLICE OFFICER PAPROCKI; <br> CALUMET CITY POLICE OFFICER GROWE; and <br> UNKNOWN CALUMET CITY POLICE OFFICERS, | ) Judge John W. Darrah |
| Defendants. | ) |
| CALUMET CITY POLICE OFFICER PICICCO, | ) |
| Cross-Plaintiff, | ) |
| v. | ) |
| CITY OF CALUMET CITY, ILLINOIS, | ) |
| Cross-Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On November 10, 2010, Plaintiff, Jerry Ellis, Jr., filed a Complaint against the City of Calumet City ("Calumet City") and Officers Picicco, Paprocki, and Growe, bringing claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. Ellis seeks to recover for injuries allegedly sustained during his arrest by Calumet City police officers, including Officer Picicco. (Dkt. No. 1.)

On January 25, 2011, Luke Casson filed an appearance on behalf of Officer Picicco. All other Defendants are represented by the same counsel, Odelson & Sterk, Ltd. ("Odelson"). On March 15, 2011, Defendant Officer Picicco filed a Cross-

Complaint against Calumet City, bringing one count for "Indemnification," pursuant to 745 ILCS 10/9-102.

Before the Court is Calumet City's Motion to Dismiss Officer Picicco's Cross-Complaint and Motion for Substitution of Counsel and Motion to Disqualify Attorney Luke Casson as Counsel for Defendant Officer Louis Picicco.

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (*Twombly*). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## ANALYSIS

*Calumet City's Motion to Dismiss*

In his Cross-Complaint against Calumet City, Officer Picicco essentially pleads the following:

1. The Cross-Plaintiff, LOUIS PICICCO, is a current employee of the City of Calumet City and a resident of the State of Illinois.

2. Defendant City of Calumet City, Illinois is a municipal corporation incorporated under the laws of the State of Illinois pursuant to the Illinois Municipal Code.

\* \* \*

5. PICICCO and the CITY OF CALUMET CITY are co-parties in this action.

\* \* \*

9. The underlying claims brought by Plaintiff Ellis involve allegations of the deprivation of civil rights in relation to his arrest and detention by PICICCO and other officers.

\* \* \*

11. 745 ILCS 10/9-102 provides that '[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.'

12. Pursuant to 745 ILCS 10/9-102, the City of Calumet City is empowered and directed to pay any judgment for compensatory damages (and any associated attorney fees and costs) for which an employee, acting within the scope of their employment, is found liable.

\* \* \*

14. The Plaintiff's Complaint seeks compensatory and punitive damages against all individual Defendants, including Cross-Plaintiff and Defendant PICICCO.

15. The CITY OF CALUMET CITY is statutorily mandated to indemnify PICICCO for all sums payable by judgment or settlement, including attorney fees and costs.

3

16. In the event that a settlement or judgment for compensatory damages is agreed or entered against PICICCO, the City of Calumet City must pay the judgment as well as the associated attorney fees and costs.

17. PICICCO has entered into settlement negotiations with the Plaintiff in this matter and has received a demand for settlement from the Plaintiff.

18. The CITY OF CALUMET CITY has obstructed PICICCO'S efforts to engage in early and potentially fruitful settlement negotiations to conserve the resources of the taxpayers of Calumet City and of the Court and has claimed that PICICCO must pay any settlement "out of his own pocket" in violation of 745 ILCS 10/9-102.

(Cross-Compl. ¶¶ 1-2, 5, 9, 11-12, 14-18.)

Officer Picicco seeks the following relief:

A. A declaration from the Court that the CITY OF CALUMET CITY must indemnify PICICCO for all sums agreed in settlement of claims made against him by Plaintiff Ellis;

B. That the Cross-Defendant CITY OF CALUMET CITY be directed and ordered to pay any settlement or judgment rendered against individually named employee[s] of the CITY OF CALUMENT CITY, including PICICCO.

(Cross-Compl. ¶¶ 18A, B.)

Calumet City presents four arguments for dismissal: (1) Officer Picicco does not have the authority to obligate Calumet City to pay a settlement to Ellis; (2) Calumet City is not obligated to pay attorney fees for Officer Picicco; (3) Officer Picicco is not entitled to have punitive damages paid by Calumet City; and (4) Officer Picicco is not entitled to injunctive relief. In his reply brief, Officer Picicco expressly denies that he requests any of the foregoing in his Cross-Complaint.

In his response brief, Officer Picicco effectively withdraws the allegations in the Complaint which are the basis of Calumet City's arguments.[1]

Even so, Officer Picicco's request for a declaratory judgment suffers from a fatal flaw – it fails to plead facts establishing an actual case or controversy sufficient to invoke the jurisdiction of this Court.

The Declaratory Judgment Act provides, in relevant part, that a district court "may declare the rights and other legal relations of any interested party seeking such a declaration whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). But for the Court to exercise this power, it must have an independent basis of subject-matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). In this case, Officer Picicco's Cross-Complaint is premised on supplemental jurisdiction under 28 U.S.C. § 1367(a).

When determining whether an actual controversy exists under the Declaratory Judgment Act, the question is whether there is a real dispute between parties with adverse legal interests "of sufficient immediacy and reality to warrant issuance of a declaratory judgment" and to ensure that such a judgment is not merely an advisory opinion. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In other words, a party bringing a declaratory-judgment action must allege a direct injury or threat of injury

---

[1] Officer Picicco denies that he is: seeking authority to enter into a settlement without the involvement of Calumet City (Resp. at 3); requesting or is entitled to attorney's fees for Mr. Casson's representation of him (Resp. at 4); seeking or alleging that he is entitled to indemnification in the event there is a punitive damages award entered against him (Resp. at 5); and seeking injunctive relief under the Illinois Governmental Employees Tort Immunity Act. (Resp. at 5.)

5

that is "real and immediate, not conjectural or hypothetical." *Atl. Int'l Ins. Co. v. Atchison, Topeka, and Santa Fe Ry.*, 938 F.2d 81, 83 (7th Cir. 1991) (internal citations omitted). "In the trial court . . . a party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).

Officer Picicco fails to meet his burden to set forth allegations that reasonably demonstrate he has sustained any injury or threat of injury that is "not conjectural or hypothetical." Officer Picicco offers only his conclusory, unsupported argument that "[t]here certainly is no dispute that an actual controversy exists." (Resp. at 5.)

The only allegation that could even remotely be construed to demonstrate standing is Officer Picicco's allegation in paragraph 18 that the "City has obstructed Picicco's efforts to engage in early and potentially fruitful settlement negotiations."[2] (Cross-Compl. ¶ 18.) But this is a bare, conclusory statement that fails to establish a case or controversy "above a speculative level." *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Moreover, the interpretation of the meaning of his Cross-Complaint by Officer Picicco in his response to Calumet City's Motion to Dismiss further demonstrates the absence of a case or controversy. Officer Picicco concedes that he "merely requests 'A declaration from the Court that the City of Calumet City must indemnify Picicco for all sums agreed in settlement of claims made against him by Plaintiff Ellis.'" (Resp. at 3

---

[2] However, in his Response, Officer Picicco states, "Officer Picicco has *not* entered into any agreement or *even taken steps to secure a settlement agreement* with the underlying Plaintiff." (Resp. at 2 (emphasis added).)

6

(citing Cross-Compl. ¶ 18A).) Officer Picicco further cites to the "unambiguous language of Section 9-102." (Resp. at 3.) Section 9-102 very clearly states, "A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." 745 ILCS 10/9-102.

Officer Picicco's "declaratory judgment" essentially amounts to a request for the Court to interpret and apply Section 9-102 in the abstract without any claim of factual controversy that could be resolved by a judicial ruling. *See Coffman v. Breeze Corps.*, 323 U.S. 316 (1945) ("The declaratory judgment procedure . . . may not be made the medium for securing an advisory opinion in a controversy which has not arisen.").

Because Officer Picicco's Cross-Complaint fails to present an actual case or controversy, it is dismissed for lack of subject-matter jurisdiction.

*Calumet City's Motion for Substitution of Counsel*

Calumet City argues that it has the statutory right to appear and defend Officer Picicco in this lawsuit, pursuant to 745 ILCS 10/2-302. Section 2-302 provides that:

> If any claim or action is instituted against an employee of a local public entity based on an injury allegedly arising out of an act or omission occurring within the scope of his employment as such employee, the entity may elect to do any one or more of the following:
>
> (a) appear and defend against the claim or action;
>
> (b) indemnify the employee or former employee for his court costs or reasonable attorney's fees, or both, incurred in the defense of such claim or action;

(c) pay, or indemnify the employee or former employee for a judgment based on such claim or action; or

(d) pay, or indemnify the employee or former employee for, a compromise or settlement of such a claim or action.

745 ILCS 10/2-302.

In this case, Calumet City has decided to exercise its statutory authority to appear and defend Officer Picicco.[3] Officer Picicco, on the other hand, argues that Calumet City does not have an absolute right to defend Picicco under the statute. Officer Picicco, however, has cited no authority for the proposition that an officer may refuse to be represented by his public-entity employer and retain his own counsel (at his expense). Indeed, Officer Picicco's interpretation of the statute renders the language that "a local public entity . . . *may elect* to do any one or more of the following" obsolete.

Courts in this district have interpreted Section 2-302 to mean that a state or municipal entity has the *option* to defend its police officers. *See Hall v. Sanchez*, 708 F. Supp. 922, 926 (N.D. Ill. 1989) (holding that "the City is *authorized* to appear and defend against a claim or action" and that the "statute *allows* the City to appear for City employees" and "to defend employees.") (emphasis added); *Bd. of Tr., Vill. of Bolingbrook Police Pension Fund v. Underwood, Neuhaus & Co. Inc.*, 742 F. Supp. 984, 987 (N.D. Ill. 1990) (holding that, "the Village has *the option* to defend or indemnify under section 2-302.") (emphasis added).

---

[3] Officer Picicco argues that Section 2-302 does not apply because in its Answer, Calumet City "has alleged that Officer Picicco was NOT acting within the scope of his employment." (Reply at 3 (capitalization in original).) This argument is contradicted by a reading of Calumet City's Answer and is thus baseless. (*See* Dkt. No. 15, ¶ 4.)

8

Officer Picicco additionally argues that Calumet City's counsel cannot be substituted because there is a conflict between him and Calumet City's counsel, Odelson. This argument is premised on the fact that Odelson and Calumet City were defendants in a suit brought against them by Officer Picicco. *See Picicco v. City of Calumet City, Ill.*, No. 05-cv-2463 (N.D. Ill.).[4] In *Picicco*, Officer Picicco brought a complaint against Calumet City, Burt Odelson, Odelson, and other defendants, relating to disciplinary charges brought against Officer Picicco regarding a 2004 excessive force claim. (Dkt. No. 1.) Officer Picicco voluntarily dismissed Odelson in June 2007 and voluntarily dismissed the case in its entirety pursuant to a settlement agreement in July 2009. (Dkt. Nos. 182, 254.)

Officer Picicco has not demonstrated how his prior lawsuit creates a conflict of interest between him and the City or Odelson in this action. Officer Picicco argues that "the City and Odelson cannot now represent Officer Picicco on a substantially related matter involving the performance of his duties." (Reply at 4.) But he fails to show what, if any, relationship exists between the two cases.

Officer Picicco has failed to meet his burden of demonstrating an actual conflict of interest between him and Calumet City or Odelson. *Cf. Guillen v. City of Chicago*, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997) ("The burden is on the moving party to show facts necessitating disqualification.") (citation omitted). Accordingly, Calumet City's Motion for Substitution of Counsel is granted.

---

[4] The Court may take judicial notice of prior proceedings involving the same litigant. *Fletcher v. Menard Corr. Center*, 623 F.3d 1171, 1173 (7th Cir. 2010) ("We can take judicial notice of prior proceedings in a case involving the same litigant.")

*Rule 11*

Calumet City requests that the Court enter sanctions, pursuant to Federal Rule of Civil Procedure 11, against Mr. Casson and his law firm. Calumet City's request is denied because it fails to comply with the procedure set out in Rule 11(c)(1) and (2), which requires the moving party to serve the motion on the other party 21 days before filing a motion for sanctions, separate from any other motion or requests.

## CONCLUSION

For the reasons set forth above, Calumet City's Motion to Dismiss [23] is granted. Calumet City's Motion for Substitution of Counsel and Motion to Disqualify Attorney Luke Casson as Counsel for Defendant Officer Louis Picicco [24] is granted in part. Odelson & Stern is substituted as counsel for Officer Picicco, pursuant to Local Rule 83.17.

Date: September 15, 2011

JOHN W. DARRAH
United States District Court Judge